UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22229-Civ-TORRES

ALEJANDRO PALMA, *and all others
similarly situated under 29 U.S.C. § 216(b)*

       Plaintiff,

v.

SOUTHEAST FORMWORK CONSTRUCTION, LLC
AND CLARENCE L. WHITESIDE,

       Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court upon Southeast Formwork Construction, LLC's and Clarence L. Whiteside's (collectively, "Defendants") Motion for Summary Judgment ("Motion") [D.E. 41] against Alejandra Palma ("Plaintiff"). Plaintiff timely filed a Response [D.E. 53] and Defendants replied. [D.E. 56]. Therefore, this Motion is now ripe for adjudication. Having reviewed the Motion, Response, Reply, relevant authority, and record evidence submitted in support of or in opposition to the same, Defendants' Motion is **DENIED**.

*I.  BACKGROUND*

On June 12, 2015, Plaintiff filed this action against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216. Plaintiff was a resident of Miami-Dade County, Florida. Southeast is a corporation that regularly transacts

1

business within Miami-Dade County and Clarence Whiteside is an owner of Southeast, who Plaintiff alleges ran the day-to-day operations of the company.

Plaintiff worked for Defendants as a construction worker from March 4, 2013 to May 17, 2015. During this time, Plaintiff allegedly worked an average of sixty hours per week at a rate of seventeen dollars per hour. However, Plaintiff was purportedly only compensated for forty-eight hours per week – meaning twelve hours of overtime were missing from Plaintiff's paycheck each week. Because Defendants willfully refused to pay Plaintiff's overtime wages as required, Plaintiff claims that that Defendants' payroll practices violated the FLSA and that Plaintiff is owed his unpaid overtime wage for the total period of his employment with Southeast. Therefore, Plaintiff requests "double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances." [D.E. 1].

## II.  APPLICABLE PRINCIPLES AND LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those

2

>made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 597 (1986) (quoting another source).

In opposing a motion for summary judgment, the nonmoving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The existence of a mere "scintilla" of evidence in support of the nonmovant's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, or upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citing *Matsushita*, 475 U.S. at 592–94)).

At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. *See id.* at 248 ("Only disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### III.  ANALYSIS

The basis for Defendants' Motion is that Plaintiff's Complaint fails as a matter of law. Plaintiff's FLSA claim allegedly cannot withstand summary judgment because Defendants' time and pay records confirm that Plaintiff was properly paid for all hours worked, including overtime. Time sheets maintained by an independent third party, Baker Concrete Construction also purportedly confirm that Plaintiff was properly paid.[1] Plaintiff's only evidence – his self-serving testimony – is allegedly insufficient to create a genuine issue of material fact because it is (1) conclusory, (2) based upon conclusory assertions without any factual basis, and (3) contradicted by the record. Furthermore, Defendants contend that Clarence L. Whiteside, is not a day-to-day manager subject to individual liability under the FLSA. Accordingly, Defendants argue that they are entitled to summary judgment on Count I of Plaintiff's Amended Complaint.

#### A.  *A Prima Facie Case for Unpaid Overtime*

"To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, Plaintiff must demonstrate that: (1) Defendant employed him; (2)

---

[1] Defendants contend that all of the documents in this action confirm that Plaintiff was properly paid for all of the overtime he worked. [D.E. 40].

Defendant is an enterprise engaged in interstate commerce covered by the FLSA (or Plaintiff is otherwise covered under FLSA); (3) Plaintiff actually worked in excess of a 40–hour workweek; and (4) Defendant did not pay any overtime wages to him." *Sutphin v. Zontrom, LLC*, 2010 WL 724426, at *2 (M.D. Fla. Feb. 24, 2010) (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008)). "Under the FLSA, an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007) (citing 29 U.S.C. § 207(a)(1)). Incorporated in a plaintiff's prima facie case is the requirement that an employee bringing a claim for unpaid overtime wages must also "initially demonstrate that she performed work for which she was not properly compensated." *Jackson v. Corr. Corp. of Am.*, 606 F. App'x 945, 952 (11th Cir. 2015) (citing *Allen v. Bd. of Pub. Educ.,* 495 F.3d 1306, 1314–15 (11th Cir. 2007)).

Defendants argue that Plaintiff cannot state a prime facie case because he relies on his own contradictory testimony which is insufficient to create a genuine issue of material fact. Defendants rely primarily on the Eleventh Circuit's decision in *Jackson v. Corr. Corp. of Am.*, where the Court affirmed the district court in granting a defendant's motion for summary judgment. More specifically, the plaintiff in *Jackson* asserted that she worked 7.5 to 10 hours per week of uncompensated overtime in her sworn declaration, but her deposition claimed that she worked 15 to 20 hours of overtime per week. *See Jackson*, 606 F. App'x at 952,

5

n.10. The plaintiff in *Jackson* also had obvious discrepancies in the years in which her overtime accrued. Parts of the record reflected that the overtime accrued in 2009 whereas her response brief, in opposition to defendant's motion for summary judgment, claimed she worked overtime in 2009. *See id*. The Eleventh Circuit concluded that "[a]lthough those errors might be merely typographical, they are representative of a poorly developed, poorly compiled, and poorly presented factual record. In light of the state of the record, the district court was left with no choice but to grant summary judgment in favor of CCA, and we are left with no choice but to affirm." *Id*.

Here, Defendants contend that Plaintiff's claims suffer from the same deficiencies as the plaintiff in *Jackson* because his testimony is at best contradictory, confusing, and conflicting. Defendants note that Plaintiff testified that he worked ten hours every day for six days per week while employed at Southeast. The basis for Plaintiff's knowledge of the hours worked stems from the fact that he started and ended at the same time each day of his employment. Defendants also point out that Plaintiff testified that he was absolutely certain of his end time. On that basis, Plaintiff claims that he worked exactly sixty hours per week every week of his employment. Because Plaintiff was only paid for forty-eight hours every week, Plaintiff concludes that he is owed twelve hours of overtime per week for his entire tenure at Southeast. [D.E. 1].

Defendants concede that Plaintiff's testimony would ordinarily be sufficient to create a genuine issue of material fact, if Plaintiff did not simultaneously

contradict and undermine his own claims through other parts of his testimony. Defendants argue that Plaintiff testified that he (1) did not work exactly ten hours every day, (2) did not start or end at the same time every day, (3) did not work sixty hours per week each week, and (4) was not paid for just forty-eight of those hours each week.  More specifically, Defendants mention that Plaintiff testified that there were weeks he was paid for amounts different than a forty-eight hour workweek, yet Plaintiff apparently still claims to be owed exactly twelve hours of unpaid overtime.  Defendants argue that Plaintiff's testimony simply does not make sense when considered with other parts of his testimony that he always worked sixty hours per week.  Therefore, Defendants contend that summary judgment is appropriate because Plaintiff's "vague and contradictory assertions . . . are not evidence from which can be drawn just and reasonable inferences" that he worked overtime for which he was not paid. *Jackson*, 606 F. App'x at 952.

Furthermore, Defendants argue that all of Plaintiff's assertions are "blatantly contradicted by the record." [D.E. 41].  Southeast purportedly maintained extensive time records identifying the number of hours Plaintiff worked each week Plaintiff was employed. *See, e.g., Allen*, 495 F.3d at 1315 ("It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment.  The employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and '[e]mployees seldom keep such records themselves.'") (quoting *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946)).  Southeast's pay

7

records are also purportedly consistent with its time records, demonstrating that Plaintiff was paid for all of the hours he worked. The records therefore demonstrate that Plaintiff was paid time and a half for all overtime hours worked.

Defendants also note that Southeast works as a subcontractor to Baker Concrete Construction ("Baker") on certain projects. All three projects that Plaintiff worked on while he was employed with Southeast were apparently projects that Southeast was a subcontractor to Baker. Baker maintained its own time and records and those also purportedly confirm that Plaintiff was required to "sign in" and "sign out" throughout his employment. Not only did Plaintiff write the time he started and stopped, but he also allegedly signed his name by each entry. Because Baker's time records are consistent with Southeast's time and pay records, Defendants contend that there is no genuine issue of material fact because every record in this action confirms that Plaintiff was paid for all the hours he worked.

A separate reason for why summary judgment is purportedly warranted is because Defendants were financially incentivized to record every hour of Plaintiff's work. As set forth above, Plaintiff worked on three projects during his employment as a subcontractor to Baker. Southeast was paid by Baker directly in proportion to the number of hours recorded as worked by its employees. Thus, the more hours recorded as worked by Southeast employees – including Plaintiff – the more money Southeast would earn from Baker. Therefore, Southeast claims it had every incentive to properly record all hours its employees worked in order to maximize its

8

revenue. If Defendants had underreported time worked by its employees, Southeast would have lost revenue from Baker.

Finally, Defendants contend that Southeast's business is determined on a project-by-project basis and employees do not work a set number of hours each week. Rather, Southeast's employees purportedly perform work on projects as needed and as weather permits – meaning the number of hours worked vary from week to week. Thus, Defendants argue that it is "incredible" to believe that Plaintiff worked exactly sixty hours each week of his employment for nearly two years. In other words, Plaintiff's assertion is simply not credible given the structure of the company and the Court should not "credit" the Plaintiff's allegations and conclusory statements when determining whether summary judgment should be granted.

Plaintiff takes issue with Defendants' aforementioned arguments because Defendants have purportedly relied on selective citations to Plaintiff's deposition testimony as a method to draw false inferences of contradictory statements against Plaintiff's interest, while ignoring clarifying statements found throughout Plaintiff's deposition testimony. Plaintiff notes, in particular, that Defendants failed to file on the record the entire deposition transcript. Instead, Defendants purportedly chose to file only selected pages from the transcript to buffer their arguments and create the appearance of contradiction in Plaintiff's testimony. Because Defendants have improperly asked the Court to determine an issue of credibility that is meant for the jury, Plaintiff requests that the Court deny Defendants' Motion.

9

The gist of Plaintiff's response is that Defendants have attempted to frame Plaintiff's testimony as admitting that the time records at issue are valid and true when in fact Plaintiff states the opposite multiple times.  Plaintiff argues that he not only testified at his deposition that he does not agree that the time sheets are accurate, but that his responses are consistent with his responses to Defendants' interrogatories.  Plaintiff notes that he testified that he would place his signature on his time sheet in the morning when arriving to work, but that he was not permitted to fill in the actual arrival time himself.  Instead, he was allegedly made to rely on an employee of the Defendants when arriving and leaving work.  Plaintiff also testified that he would arrive to work at a time earlier than reflected on his timesheets and that numerous employees would inform Defendants that they had also not been paid properly for their hours worked.[2]  Therefore, Plaintiff argues that the time sheets are completely inaccurate.  Plaintiff allegedly maintained his own hours on a separate piece of paper, but once Plaintiff provided that information to another employee of Southeast, the employee threw the information away.  As a result, Plaintiff's primary evidence that Defendants violated the FLSA is dependent upon Plaintiff's own deposition testimony.

For these reasons, Plaintiff argues that Defendants' Motion should be denied because the issue presented boils down to an issue of credibility that is more properly considered for the jury.  Plaintiff acknowledges that on one hand you have

---

[2] For instance, Plaintiff refers to one employee, Mr. Agguire, who allegedly corroborated Plaintiff's allegations that Defendants did not adequately record the number of hours worked for their employees.

10

Defendants' time records and on the other is Plaintiff's own testimony that the time records are inaccurate. Because credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, Plaintiff contends that summary judgment is inappropriate.

After considering both parties' arguments, the Court finds the summary judgment is not warranted given the facts presented. Here, there is a genuine issue of material fact as to whether the Defendants' time records adequately demonstrated the number of hours Plaintiff worked. While Plaintiff concedes that the bulk of his evidence is found in his own deposition testimony, that is enough to survive summary judgment. As the U.S. Supreme Court explained, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). And "[i]f a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." *Allen*, 495 F.3d at 1315 (citing *Samples ex rel. Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988); *Augusta Iron & Steel Works, Inc. v. Employers Ins. Of Wausau,* 835 F.2d 855, 856 (11th Cir. 1988)). Because Defendants' Motion seeks to have the Court make credibility determinations on whether Plaintiff's testimony or Defendants' time

records is indicative of whether Plaintiff is entitled to overtime pay, there is a genuine issue of material fact that defeats summary judgment.

This case is closely analogous to a recent Eleventh Circuit decision in *Armando Jessurum Medrano v. The Investment Emporium LLC et al*, No. 15-15634, (11th Cir. 2016). In *Medrano*, the district court granted the defendants' Rule 50 motion on the basis that the plaintiff failed to produce sufficient evidence to support his claim for unpaid overtime. Mr. Medrano claimed that he had worked between 50 to 52 hours per week, but that he had not been properly compensated for the overtime work. He also argued that the district court improperly weighed the evidence before the case reached the jury and made improper credibility determinations. Nonetheless, the district court concluded that Mr. Medrano's testimony (his only evidence) failed to demonstrate that his employer's records were somehow tampered or incomplete.

The Eleventh Circuit reversed because "a jury could have determined that the employment records were not proper and accurate for at least some of the contested periods of time." *Id*. at 8 (citations omitted). If the jury found that the employer had failed to keep accurate time records – as Mr. Medrano suggested – he "would need only show the amount and extent of his work for that period 'as a matter of just and reasonable inference.'" *Id*. at 9 (citations omitted). "[V]iewing the record in the light most favorable to Mr. Medrano, there was sufficient evidence to allow a jury to make a reasonable estimate of the hours he actually worked in each week of the relevant period of time." *Id*. at 9.

The Eleventh Circuit's reasoning is persuasive in determining the merits of Defendants' Motion particularly because the underlying facts of *Medrano* make this case a near mirror image:

> If a jury were to credit Mr. Medrano's evidence, it could find [his employers] failed to properly compensate him for overtime hours worked during certain periods of time not reflected in the time records. Although Mr. Medrano did not provide documentation or a specific recitation of his hours worked, he testified that, over the relevant period, he worked approximately three Saturdays a month. He also testified that he worked during the 30 weeks for which time cards were missing and that certain time cards had been altered to reflect overtime compensation he had not received. Factoring in the Saturdays he alleges to have worked without "punching in" and for which he was not paid overtime compensation, Mr. Medrano asserted that he worked approximately 50 to 52 – but perhaps up to 55 – hours per week over a number of weeks. Appropriately applying this standard to the facts, Mr. Medrano presented sufficient evidence at trial to survive a Rule 50 motion.

*Id*. at 9. Here, Plaintiff relies primarily on his own deposition testimony and lacks any documentation or records to support the number of hours he actually worked. Plaintiff also alleges that Defendants' time records are not accurate because other employees who worked for Defendants controlled his time card despite Plaintiff signing it when he arrived to work. Thus, Defendants' Motion must be **DENIED** because there is sufficient evidence to survive summary judgment.[3]

---

[3]   As for Defendants' argument that Plaintiff's deposition testimony throughout this litigation is conclusory, contradictory, and that Defendants had financial incentives to accurately report Plaintiff's time records, the Court finds the aforementioned arguments are unpersuasive for Rule 56 purposes. With respect to the argument that Plaintiff's deposition testimony is conclusory and contradictory, the Court finds this contention also overstated. While Plaintiff may have indicated the number of hours of overtime worked was sixty hours each week of his employment (but may have varied to some extent); this does not mean that Defendants are entitled to summary judgment. Rather, the variance goes to the

### B.     *Individual Liability under the FLSA*

In order for an individual to be an "employer" under the FLSA, "the test . . . revolves around whether an individual defendant had sufficient operational or supervisory control over a plaintiff-employee to be personally liable." *Moreira v. Americlean Bldg. Maint., Inc.*, 2016 WL 739657, at *3 (S.D. Fla. Feb. 25, 2016). The Eleventh Circuit has interpreted this statute to "encompass[] both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

Therefore, a "supervisor's ownership interest in the corporation and control over the corporation's day-to-day functions are relevant to this inquiry because they are indicative of the supervisor's role in causing the violation." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013) (citing *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 677 (1st Cir. 1998)). Elements that the Eleventh Circuit considers when determining day-to-day functions include whether "the officer was involved in the compensation of employees, the hiring or firing of employees, or other matters 'in relation to an employee.'" *Olivas v. A Little Havana Check Cash, Inc.*, 324 F. App'x 839, 845 (11th Cir. 2009) (citations omitted); *see also Lamonica*, 711 F.3d at 1314 ("[T]o support individual liability, there must be control over 'significant aspects of [the company's] day-to-day functions, including

---

weight of Plaintiff's credibility – more properly reserved for the jury. Unlike *Jackson*, where the plaintiff had discrepancies in both the number of hours worked and even the years overtime may have been misapplied, the facts presented here are noticeably distinguishable.

14

compensation of employees or other matters in relation to an employee.' In other words, while control need not be continuous, it must be both substantial and related to the company's FLSA obligations.").

Here, Defendants argue that the evidence is undisputed that Mr. Whiteside is not liable individually under the FLSA because he delegated authority regarding hiring, scheduling, wages, and termination to managers and has no daily involvement in the operations or supervision of Plaintiff. Therefore, Defendants contend that regardless of whether the Court enters summary judgment as to Count I of Plaintiff's Complaint, Mr. Whiteside is entitled to summary judgment regardless because Plaintiff cannot present any evidence that he is an "employer".

In response, Plaintiff argues that Defendants have chosen to ignore the deposition transcript of Mr. Whiteside because there is a strong basis for establishing individual liability under the FLSA. More specifically, Plaintiff contends that Mr. Whiteside testified at his deposition that (1) he is the President of Southeast, (2) has the most authority with respect to the decision concerning the finances of the business, (3) signed checks on behalf of Southeast, (4) maintained an office during the relevant time period, and (5) would be present at Southeast four times a week for an average of ten hours per day. For these reasons, Plaintiff contends that there are genuine issues of material facts as to whether Mr. Whiteside can be subjected to individual liability.

Defendants take issue with Plaintiff's arguments because notwithstanding the five previously enumerated ways that Mr. Whiteside is allegedly liable under

15

the FLSA, Defendants argue that his deposition testimony demonstrates that he was not involved in the day-to-day operations of the company.

Yet, Plaintiff's counterargument is more persuasive at this stage of the litigation. Despite Defendants' lengthy citations to the deposition record, this is a much closer question at the summary judgment stage.[4] A reasonable person could certainly conclude that it is still possible that Mr. Whiteside might be liable under the FLSA – even if his involvement with the day-to-day operations of the company and the Plaintiff occurred occasionally. *See Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528, 531 (5th Cir. 1982) (stating that occasional control does not diminish the significance of the existence of such control). Accordingly, Defendants' Motion is **DENIED** on this basis as well.[5]

---

[4] Defendants persuasively refer to Mr. Whiteside's deposition testimony where he asserts that (1) he had no involvement in the day to day operations of the business, (2) made no decisions regarding how much the employees were paid, and (3) had no involvement in the hiring or firing of employees. [D.E. 56]. Yet, as set forth above, Plaintiff has provided enough information that a genuine issue of material fact exists on the question of individual liability for Mr. Whiteside.

[5] The Court notes that a determination of whether Mr. Whiteside is individually liable under FLSA may be appropriate for a Rule 50 motion at trial, once Plaintiff has been fully heard on the issue, aside from merely deposition testimony at the summary judgment stage. However – at this time – there is not enough evidence to conclude that Mr. Whiteside is not individually liable under the FLSA as a matter of law.

### IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [D.E. 41] is **DENIED**.[6]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of January, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[6]   On a final note, in situations where the Defendant has kept adequate time records, "[t]he FLSA places upon the employee-plaintiff 'the burden of providing that he performed work for which he was not properly compensated.'" *Lamonica*, 711 F.3d at 1315 (quoting , 328 U.S. at 686-87)).  This burden may become significant with respect to jury instructions should this action proceed to trial. However, in situations where an employer has failed to keep proper and accurate time records, the Eleventh Circuit has described the employee's burden as more "relaxed." *Lamonica*, 711 F.3d at 1315. As the Eleventh Circuit explained in *Medrano*, the Circuit's pattern jury instructions specifically address situations where the burden is "relaxed." "If the jury finds that the employer failed to keep adequate time and pay records, an FLSA plaintiff may 'recover a reasonable estimation of the amount of [his] damages' if he has proven by a preponderance of the evidence 'a reasonable estimation of the amount and extent of the work for which [he] seeks pay.'" *Medrano*, at 7. By contrast, a more stringent instruction may be required in this case.